UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JAMIE WADDELL BYRD, | ) | CASE NO. 1:14 CV1552 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is *pro se* Plaintiff Jamie Waddell Byrd's *in forma pauperis* complaint against the "State of Ohio Co-Trustee to Case and William H. Baughman, Jr. Position of Trusteeship." (Doc. No. 1). Mr. Byrd, who is a state prisoner incarcerated at Richland Correctional in Mansfield, Ohio, believes he is being unlawfully detained. He asserts this court's jurisdiction pursuant to 28 U.S.C. §§ 1330, 2041, 2042 and 1655, as well as 42 U.S.C. §1983. For the reasons set forth below, the action is dismissed.

*Background*

The crucial facts in this case cannot be discerned from Mr. Byrd's complaint. He indicates that his complaint calls into question "Court Case Nos: CR11548242, CR11548634 and

CR11553439." (Doc. No. 1 at 1.)  These are criminal cases filed against Mr. Byrd in the Cuyahoga County Court of Common Pleas on March 14, 2011, March 26, 2011 and August 12, 2011, respectively.  He is now serving a four year sentence for Possession of Drugs and Criminal Tools, Drug Trafficking, and Intimidation of a Victim/Witness.

      Under the Statement of Facts in his complaint, Mr. Byrd states in total:

> 1) Petitioner, acting in good faith, tender legal tender, which was not dishonored, for novation on Penal Contravention under case number CR11548242, CR11548624, CR11553439.
> 2) Petitioner to this day has not received any notices that Peitioner's act to discharge this Penal Contravention was an act of fraud, therefore, the fact must stand that case numbers CR11548242, CR.11548624, CR11553439 by operation of law is [sic] discharged.

(Doc. No. 1 at 12.)  From that page forward, Mr. Byrd argues enumerable theories that suggest he is unlawfully detained.

### *Standard of Review*

      A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F. Supp.2d 809 (N.D.Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction

is divested by unsubstantial claims).

***No Right to Habeas Relief***

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). It is apparent on the face of the complaint that this court lacks subject matter jurisdiction.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). When a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States," it is habeas relief that is available. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21(1975). Mr. Byrd repeatedly levels conclusory allegations against the defendants, suggesting they are confining him illegally. However, legal conclusions are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

The Sixth Circuit has explained that, while *pro se* plaintiffs are entitled to greater leniency, they are still required to satisfy basic pleading standards. "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)(quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir.2001) (dismissing a § 1983 suit brought as a §

2254 petition.)). Therefore, notwithstanding the fact that Mr. Byrd has not stated a cogent claim, he cannot attack his convictions or the duration of his confinement in a civil rights action.

### *Conclusion*

Based on the foregoing, the complaint is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

August 22, 2014  /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE